```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

------------------------------------------ x
JO-ANNE FILIPKOWSKI, *individually and on behalf of all others similarly situated*,

                Plaintiff,

                v.

BETHPAGE FEDERAL CREDIT UNION, *and* Does 1-100,

                Defendants.
------------------------------------------ x

Case No. 20-cv-01754-JS-AKT

## SUPPLEMENTAL DECLARATION OF LINDA SIBLANO IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

I, Linda Siblano, state and declare as follows:

1. As stated in my prior declaration, I am currently employed as the Assistant Vice President, Compliance Officer for Bethpage Federal Credit Union. I was the person at Bethpage responsible for supervising the process of implementing changes to Bethpage's Member Account Agreement ("Member Agreement") in October 2019. The Arbitration Agreement, Fee Schedule and Privacy Policy (as applicable to consumer members) were included with members' monthly statements for the statement period ending September, 2019. I did not supervise the actual mailing of statements to those who received their statements by mail or the sending of email statement availability notices to members who elected to receive statements electronically. The processes for sending monthly statements were already in place. My responsibility was to review the changes to the Member Agreement, to review the notices on mailed statements and the emails sent to members notifying them of the changes, and to provide direction to the Bethpage employees responsible for the statement insert process to include these notices with monthly statements for the period ending September 2019.

2. I have reviewed Plaintiff Jo-Anne Filipkowski's opposition to Bethpage's motion to compel arbitration. The following statements are not accurate:

    a. At page 13 Plaintiff claims that Bethpage documents show that the Arbitration Agreement was not done printing until October 10, 2019:

> Moreover, even the limited documents produced in discovery by Defendant reflect it is not possible for the arbitration amendment/insert to have been mailed the first week of October 2019, as Ms. Siblano testifies in Paragraph 5 of her Declaration they supposedly were. This document (Roddy Decl., Exhibit E at BETH 0058) indicates the printing job was not even completed until October 10, 2019….

The document Plaintiff refers to for the argument that the arbitration agreement was not done ***printing*** until October 10 is a "Mailing Profile Form" from Taylor Communications. As I testified in my deposition (p. 12, lns. 8-19; p. 92, lns. 3-14), Taylor Communications was the third party vendor that handled the ***mailing*** of member statements. The inserts sent by mail with the statements, including the Arbitration Agreement, were printed by Official Offset (another Bethpage vendor) and shipped to Taylor Communications so that they could be mailed with the September statements. Again, I explained this to Plaintiff's counsel in my deposition. A true copy of the Official Offset invoice for the printing of the Arbitration Agreement is attached hereto as **Exhibit 1** and is Beth 97 in Plaintiff's Exhibit E**.** September statements were <u>*mailed*</u> by Taylor Communications, as reflected in the Mailing Profile Form, in early October 2019. I know this because, as stated in my deposition and as described below, I received my September 2019 statement by mail, with the inserts, in early October 2019.

    b. Plaintiff's counsel also argues, at pages 13 and 14 of the opposition, that internal Bethpage documents show the Arbitration Agreement and Fees Schedule were supposed to be received by branches on September 23, 2019 but he claims "what was produced in discovery is actually something different: a document dated **10**/2019. . . , rather

than 09/2019 as stated in the memo." Opposition at 14 (emphasis in original). The internal Bethpage memo quoted and copied into the opposition clearly states that the new Fee Schedule, Arbitration Agreement and the new Privacy Notice must be in use "Effective Tuesday, October 1, 2019." That is why the Arbitration Agreement and the Fee Schedule indicate "Rev. 10/2019"; that date was added to the forms at my direction so that I can keep track of when they were effective and put in use. It is my understanding, based on my oversight of the changes to the Member Agreement and communications with Bethpage employees in the ordinary course of my duties, that the branches received the Arbitration Agreement, Fee Schedule and Privacy Notice prior to October 1, 2019 so that they could be provided to new members beginning October 1, 2019. I do not know the exact date each branch received its allotment of the documents.

3. Plaintiff also argues that Bethpage did not produce an example of what was mailed to members in early October 2019. I was also asked about this at my deposition. I testified that copies of the documents sent with member statements were produced. I also testified that in early October 2019 (I don't recall the exact date), I personally received copies of the Arbitration Agreement and other documents with my September 2019 statement. At that time, I was receiving my monthly account statements by mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this _18_ day of August 2020 at Bethpage, NY.

Linda Siblano